**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

ALBINO ARREOLA FRASCO,

      Petitioner,

v.                                                                  Case No. 2:25-cv-03179-MSN-cgc

CHRISTOPHER BULLOCK,
New Orleans Field Office Director
for ICE Enforcement and Removal Operations,

      Respondent.[1]

---

**ORDER CONSTRUING NOTICE OF DISMISSAL**

---

Before the Court is Petitioner's Notice of Voluntary Dismissal (ECF No. 15), which purports to voluntarily dismiss his Petition for Writ of Habeas Corpus pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). This is procedurally improper, as that provision of Rule 41 applies only when the opposing party has not yet filed a response. *See* Fed. R. Civ. P. 41(a)(1)(A)(i) (explaining its application "before the opposing party serves [] an answer"). Here, however, the Court has directed a Government response, which was filed on January 30, 2026 (ECF No. 9).

Accordingly, the proper provision for dismissal by Petitioner is Rule 41(a)(2), which allows an action to "be dismissed at the [Petitioner]'s request only by court order." Fed. R. Civ. P 41(a)(2). But here the Court exercises its discretion to consider substance over form, and construes

---

[1] The proper respondent to the Petition is the United States Immigration and Customs Enforcement ("ICE") District Director for the district in which the alien is being detained. *See Roman v. Ashcroft*, 340 F.3d 314, 320–22 (6th Cir. 2003). The proper respondent in this case is Christopher Bullock, the New Orleans Field Office Director for ICE Enforcement and Removal Operations. The Clerk is **DIRECTED** to terminate all Respondents other than Christopher Bullock.

2

Petitioner's Notice as a Motion to Dismiss pursuant to Rule 41(a)(2).  The Motion so construed is hereby **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 6th day of June, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE